# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **James Yedlick,** | CASE NO. 1:19 CV 2139 |
| **Plaintiff,** | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| | **Memorandum of Opinion and Order** |
| **Commissioner, IRS,** | |
| **Defendant.** | |

## INTRODUCTION

*Pro se* Plaintiff James Yedlick filed this action asserting claims of harassment, extortion, mail fraud, and intimidation against the Internal Revenue Service ("IRS"). In the Complaint, Plaintiff challenges the IRS's tax assessment activities, including Tax Court proceedings, for Plaintiff's 2013, 2014, 2017, and 2018 tax years  He seeks monetary damages and injunctive relief.

Defendant filed a Motion to Dismiss under Federal Civil Procedure Rules 12(b)(1) and 12(b)(6) (Doc. No. 4) on November 19, 2019. Defendant contends Plaintiff's claims are barred by sovereign immunity and the Anti-Injunction Act, 26 U.S.C. § 7421, and also fail to state a claim upon which relief may be granted.

Plaintiff filed a supplemental pleading, which he titled as an amended Complaint, seeking to add as an exhibit his most recent Summary Bill. The Defendant responded with a second Motion to Dismiss (Doc. No. 6), reasserting its previous grounds for dismissal.

Plaintiff has now filed a second supplement to his pleading, titling it as his Second Amendment to Original Complaint (Doc. No. 7). This document adds allegations that the IRS called him to harass him by telephone at late night and early morning hours. The Defendant has filed a Motion to Strike the Second Amendment to Original Complaint (Doc. No. 8), claiming the telephone calls were made by an IRS attorney seeking to negotiate settlement of the Tax Court cases, and were made during normal business hours. They contend the other assertions are redundant to those made in the original Complaint. The Defendant also notes that the Plaintiff altered a document he filed as an exhibit to his original Complaint, and suggests that the Plaintiff acted in bad faith by altering the document and by making allegations in this latest supplement to his Complaint that are misleading.

For the reasons set forth below, the Motion to Strike the Second Amendment (Doc. No. 8) is granted. Defendant's Motions to Dismiss (Doc. Nos. 4, 6) are granted, and this action is dismissed.

**BACKGROUND**

Plaintiff alleges the Defendant engaged in harassment, extortion, mail fraud, and intimidation in connection with the assessment and collection of his tax liability for the years 2013, 2014, 2017, and 2018. Plaintiff alleges that the IRS sent him a letter stating he owed additional taxes for 2013. He then received an additional letter from the IRS indicating a revised amount of taxes owed for 2013. The IRS next sent a "Notice of Deficiency" for the amount listed in the second letter to Plaintiff. Plaintiff disputed this amount in Tax Court. While that proceeding was pending, the IRS Appeals Office determined that Plaintiff in fact did not owe an additional tax liability, and sent him a proposed decision to resolve the case.

Plaintiff agreed to the new tax assessment but indicated in writing on the document that he did not want the case to be dismissed. The case remained open until Plaintiff filed a Motion to Dismiss attaching the three letters sent to him by the IRS. No additional collection notices were issued to Plaintiff for 2013. The Tax Court granted the IRS's motion for entry of the decision that Plaintiff owed no additional tax liability for 2013. Plaintiff indicates he has been attempting to get an award of court costs but to date the Tax Court has not approved that request.

For the 2014 tax year, the IRS sent Plaintiff a letter indicating he owed an additional tax. After communicating with Plaintiff, however, the IRS determined he did not owe any additional taxes for that year.

Plaintiff received a tax refund for the 2017 tax year. Plaintiff contends the IRS delayed his refund as he did not receive it until March 24, 2018.

Based on Plaintiff's tax filing for 2018, the IRS determined he owed additional taxes. The IRS sent him bills for the additional amount and a Notice of Intent to Levy. That balance remains unpaid.

Plaintiff contends the repeated attempts to collect additional taxes over the past four years demonstrates a pattern of harassment. He indicates that the IRS has committed grand theft by deception by instituting tax audit proceedings based on figures it knows to be incorrect. He asserts that this action becomes mail fraud when the IRS sends the notice of the audit through the mail. Plaintiff includes claims of extortion and intimidation stating the IRS attempted to extort money from him in the form of a settlement for taxes he does not believe he owes. He asks this Court to order the IRS to stop harassing him and award him punitive damages.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint. Fed.R.Civ.P. 12(b)(1). Generally, Fed.R.Civ.P. 12(b)(1) motions fall into two categories: facial attacks and factual attacks. Fed.R.Civ.P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the Defendant asserts that the allegations contained in a Complaint are insufficient on their face to invoke federal jurisdiction. *See In re Title Ins. Antitrust Cases*, 702 F.Supp.2d 840, 884-85 (N.D. Ohio 2010), citing, *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio. 1997). By contrast, in a factual attack, the Defendant disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.* The Plaintiff has the burden of proving subject matter jurisdiction in order to survive a Motion to Dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. In doing so, the Court is required to accept the allegations stated in the Complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the Complaint in a light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

Although a Complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Complaint survives a Motion

to Dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). A claim has facial plausibility when the Plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the Defendant is liable for the alleged misconduct alleged. *Id*. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

**DISCUSSION**

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define this Court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed in favor of the government, unequivocally expressed, and cannot be implied. *United States v. Idaho*, 508 U.S. 1, 6-7 (1993); *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992); *United States v. King*, 395 U.S. 1,4 (1969). The party bringing a suit against the United States has the burden of identifying a waiver of sovereign immunity. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

With respect to tax disputes, the United States has consented to suit in two specific types of matters and neither is applicable in this case. The first waiver of sovereign immunity arises under 26 U.S.C. § 7422, allowing taxpayers who seek a refund for an overpayment of taxes to file suit after they have exhausted their administrative remedies. Plaintiff is not seeking a refund for an overpayment of taxes. The second waiver arises under 26 U.S.C. § 7433, allowing

taxpayers to bring an action against the United States for an employee's misconduct in the collection of a tax liability. Collection proceedings are different from assessment proceedings. This provision does not waive sovereign immunity for damages for violations made during "the assessment or tax determination part of the process." *Hohman v. Eadie*, 894 F.3d 776, 781–82 (6th Cir. 2018)(quoting *Miller v. United States*, 66 F.3d 220, 222 (9th Cir. 1995). Furthermore, the waiver does not extend to actions seeking to enjoin the assessment or collection of taxes. Those actions are expressly denied by the Anti-Injunction Act, 26 U.S.C. § 7421(a). The waiver applies only to claims of employee misconduct during collection proceedings. Plaintiff's claims in this case pertain to the tax determination process. Congress has not waived sovereign immunity for those types of claims.

Furthermore, Plaintiff's listed claims either fall under criminal statutes, which do not provide a private cause of action for civil liability, *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994), or tort law. Through the Federal Torts Claims Act, Congress waived the United States' sovereign immunity under very limited circumstances for claims arising from torts committed by federal employees acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1). The parameters placed on this waiver dictate that the tort claims "shall forever be barred unless...presented in writing to the appropriate federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Plaintiff has not identified an action committed by a federal employee and gives no indication that he submitted an administrative claim to the IRS within the time limit specified. He cannot proceed with his tort claims.

Plaintiff's proposed Second Amendment to his Complaint seeks to add allegations

pertaining to an attorney's conduct in connection with the 2013 tax assessment case in Tax Court. Any claims that could be determined to arise from that supplement to the original Complaint would suffer from the same defects as those identified above and would require dismissal. There would be no point in adding these claims. Defendant's Motion to Strike the Second Amendment to the Original Complaint (Doc. No. 8) is granted.

### **CONCLUSION**

Accordingly, Defendant's Motions to Dismiss (Doc. Nos. 4, 6) are granted. This action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                               /s/ Patricia A. Gaughan
                                               PATRICIA A. GAUGHAN
                                               United States District Court
Dated: 1/21/20                             Chief Judge